902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Larry FRESHOUR, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 89-3523.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Paul Larry Freshour appeals the District Court's denial of his petition for a writ of habeas corpus. Freshour was convicted and sentenced for attempted murder following a jury trial. According to the evidence introduced at that trial, Freshour attached a pistol to a fence post and concealed it with a box covered with obscene messages referring to the intended victim's daughter. Though it did not work, the trap was designed so that when the box was removed, the pistol would fire. The gun was traced to Freshour. There was also evidence from a handwriting expert that the writing on the box and a series of obscene and threatening letters received by the intended victim and others in the county appeared to have been written by Freshour. Freshour appears to have exhausted all of his state remedies, including a failed bid to obtain a new trial.
 
 
 2
 Freshour claims that he should have been granted a new trial by the state court based on the continued receipt of obscene letters in the county where the crime occurred after his incarceration. As the Supreme Court has held, however, a decision to deny a new trial based on newly discovered evidence is generally not a ground for habeas corpus relief. See Townsend v. Sain, 372 U.S. 293, 317 (1963). Even were we willing to reach the question in a habeas proceeding, the fact that letters have continued to be received after Freshour's incarceration does not substantially undercut the strength of the evidence that was used to convict him. The mere fact that similar letters have continued to be sent does not establish that the letters sent prior to the attempted murder and introduced at trial were not written by Freshour.
 
 
 3
 After reviewing the briefs and considering the entire record, we are of the opinion that there was no need for the District Court to hold a hearing to take evidence in the case. The District Court filed a lengthy and well-written opinion and order analyzing and rejecting all of Freshour's remaining claims. Our review of the entire record and the briefs indicates that the District Court's disposition of these claims was correct. Accordingly, we AFFIRM as to the remaining issues raised by Freshour for the reasons stated in the District Court's Opinion filed April 7, 1989.